UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>        Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF HOMELAND<br>SECURITY, et al.,<br><br>        Defendants. | Civil Action No. 25-2390 (LLA) |

## <u>ANSWER TO COMPLAINT</u>

Defendants the Department of Homeland Security ("DHS") along with its components Customs and Border Protection ("CBP"), Immigration and Customs Enforcement ("ICE"), and U.S. Citizenship and Immigration Services ("USCIS") by and through undersigned counsel, respectfully submits the following Answer to Plaintiff American Oversight's Complaint (ECF No. 1) under the Freedom of Information Act ("FOIA"). All allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. Defendants respectfully refer the Court to all referenced external documents, statutes, or other sources as the best evidence of their contents. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, this answer is not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Moreover, Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendants through the course of this litigation.

Defendants respond to the separately numbered paragraphs as follows:

# COMPLAINT[1]

1.      To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

2.      The allegations in this paragraph are Plaintiff's characterizations of an Executive Order.  The Executive Order speaks for itself and is the best evidence of its contents and Defendants deny any allegations inconsistent therewith.

3.      To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

4.      The allegations in this paragraph are Plaintiff's characterizations of an interim final rule published in the Federal Register.  The interim final rule speaks for itself and is the best evidence of its contents and Defendants deny any allegations inconsistent therewith.

---

[1]      For ease of reference, the Answer replicates the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

5.      To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

6.      The first sentence of this paragraph consists of legal conclusions to which no response is required. The remaining allegations in this paragraph are Plaintiff's characterization of a USCIS form and the USCIS website. The form and the website speak for themselves and are the best evidence of their contents and Defendants deny any allegations inconsistent therewith.

7.      The allegations in this paragraph are Plaintiff's characterizations of the regulations. The regulations speak for themselves and are the best evidence of their contents and Defendants deny any allegations inconsistent therewith.

8.      To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

9.      To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records

sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

10.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

11.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

12.     Defendants admit that Plaintiff has submitted FOIA requests to each Defendant. Defendants otherwise lack sufficient information to admit or deny the allegations in this paragraph.

13.     The allegations in this paragraph are Plaintiff's characterization of this lawsuit and the relief requested to which no response is required.  To the extent that a response is deemed

required, Defendants deny the allegations in this paragraph and further deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## JURISDICTION AND VENUE

14. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that this court has jurisdiction over proper FOIA claims.

15. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this district.

16. The allegations in this paragraph are legal conclusions to which no response is required.

## PARTIES

17. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

18. DHS admits that it is a department of the executive branch of the U.S. government, headquartered in Washington, DC and that it is subject to FOIA. DHS admits the allegations in the second sentence of this paragraph. The remaining allegations in this paragraph are legal conclusions to which no response is required.

19. CBP admits that it is a component of DHS headquartered in Washington, DC and that it is subject to FOIA. The remaining allegations in this paragraph are legal conclusions to which no response is required.

20.     ICE admits it is a component of DHS headquartered in Washington, DC and that it is subject to FOIA.  The remaining allegations in this paragraph are legal conclusions to which no response is required.

21.     USCIS admits that it is a component in DHS, headquartered in Camp Spring, Maryland and that it is subject to FOIA.  The remaining allegations in this are legal conclusions to which no response is required.

## STATEMENT OF FACTS

22.     Defendants admit that Plaintiff submitted multiple FOIA requests in February and April 2025.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

### DHS EO 14159 Request

23.     DHS admits it received Plaintiff's FOIA request on February 18, 2025.  Defendant respectfully refers the Court to the content of the request as attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

24.     Admit.

25.     Deny.

### CBP EO 14159 Request

26.     CBP admits it received Plaintiff's FOIA request on February 18, 2025.  CBP respectfully refers the Court to the content of the request as attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

27.     Admit

28.     CBP admits that between acknowledging American Oversight's FOIA request (CBP-FO-2025-068461) on February 19, 2025, and the filing of American Oversight's Complaint in this matter, CBP did not contact American Oversight regarding its request.

*DHS Registration Provision Request*

29.     DHS admits it received Plaintiff's FOIA request on February 18, 2025.  CBP respectfully refers the Court to the content of the request as attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

30.     Admit.

31.     Deny.

*ICE Registration Provision Request*

32.     ICE admits it received Plaintiff's FOIA request on April 7, 2025.  Defendant respectfully refers the Court to the content of the request as attached to the Complaint as the best evidence of its contents and denies any allegations inconsistent therewith.

33.     Admit.

34.     Admit.

*USCIS Registration Provision Request*

35.     USCIS admits that it received a request from Plaintiff on April 7, 2025.  USCIS respectfully refers the Court to the cited request for a full and fair statement of its content.

36.     USCIS admits that it acknowledged Plaintiff's request by letter dated April 10, 2025, and assigned the request tracking number COW2025002478.  USCIS respectfully refers the Court to the cited letter for a full and fair statement of its content and denies any allegations inconsistent therewith.

37.     Admit

*Exhaustion of Administrative Remedies*

38.     The allegations in this paragraph are legal conclusions to which no response is required.

39.     The allegations in this paragraph are legal conclusions to which no response is required.

## COUNT I

**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

40.     Defendants repeat the responses in the foregoing paragraphs and incorporates them as though fully set forth herein.

41.     The allegations in this paragraph are legal conclusions to which no response is required.

42.     The allegations in this paragraph are legal conclusions to which no response is required.

43.     The allegations in this paragraph are legal conclusions to which no response is required.

44.     The allegations in this paragraph are legal conclusions to which no response is required.

45.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to declaratory or injunctive relief.

## COUNT II

**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

46.     Defendants repeat the responses in the foregoing paragraphs and incorporates them as though fully set forth herein.

47.     The allegations in this paragraph are legal conclusions to which no response is required.

48.     The allegations in this paragraph are legal conclusions to which no response is required.

49.     The allegations in this paragraph are legal conclusions to which no response is required.

50.     The allegations in this paragraph are legal conclusions to which no response is required.

51.     The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to declaratory or injunctive relief.

## RELIEF REQUESTED

The remaining allegations in the complaint, including those in the WHEREFORE paragraph and paragraphs a-e are Plaintiff's request for relief to which no response is deemed required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

Defendants allege the following additional defenses to the Complaint.  In asserting these defenses, Defendants do not assume the burden to establish any fact or proposition where that

9

burden is properly imposed upon Plaintiff. Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation.

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA. *See* 5 U.S.C. § 552.

### SECOND DEFENSE

To the extent Defendants have potentially responsive records, Plaintiff is not entitled to compel the production of any record or portion of any record exempt from disclosure by one or more exemptions enumerated in the FOIA, *see* 5 U.S.C. § 552(b).

### THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs in this matter.

### FOURTH DEFENSE

Plaintiff is not entitled to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

### FIFTH DEFENSE

Plaintiff's request fails to comply with the requirements of FOIA because it fails to reasonably describe the records sought and imposes an undue burden.

### SIXTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In

this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: September 24, 2025
         Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: _____ */s/ John J. Bardo*_____
       JOHN J. BARDO, D.C. BAR #1655534
       Assistant United States Attorney
       601 D Street, NW
       Washington, DC 20530
       (202) 870-6770

       *Attorneys for the United States of America*

11